## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Honorable Michael E. Romero

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GOG CAMPGROUND, LLC | ) | Case No. 10-29909-MER |
| | ) | |
| EIN: 20-4702693 | ) | Chapter 11 |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| GOG CAMPGROUND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. _____-MER |
| | ) | |
| FARMERS INSURANCE GROUP FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff GOG Campground, LLC, the debtor and debtor-in-possession (the "**Debtor**"), for its Complaint against Farmers Insurance Group Federal Credit Union ("**Farmers**"), states and alleges as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. On August 5, 2010 (the "**Petition Date**"), the Debtor filed a voluntary petition under chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the District of Colorado, commencing its main bankruptcy case.

2. Upon information and belief, Farmers is a federally chartered credit union with a primary business address of 4601 Wilshire Blvd., Los Angeles, CA 90010.

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado pursuant to D.C.COLO.LCivR 84.1.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (K).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.   GENERAL ALLEGATIONS

5. The Debtor is a Colorado limited liability corporation that owns and operates the Garden of the Gods Campground in Colorado Springs, Colorado.  The Debtor purchased the property in June 2006.  The campground is on 12.56 acres consisting of, among other things, 173 RV sites.

6. The campground offers various services, including a state-of-the-art reservation system, propane, water, gas, electricity, internet access, cable television, restrooms and shower areas, laundry facilities, two heated pools, an indoor whirlpool, a convenience store, a snack bar, a lounge, a basketball court, an arcade room, a billiards room, an outdoor Jacuzzi spa, a playground, a barbeque and picnic area, and social events such as ice cream, watermelon, Mexican, and Italian nights.

7. About the time of the Debtor's June 2006 purchase of the campground, the Debtor procured a portion of its financial needs by borrowings from Farmers pursuant to the terms of that certain *Promissory Note* (the "**Note**") payable to the order of Farmers, dated June 14, 2006, in the principal amount of $4,000,000 (the "**Loan**").  A copy of the Note is **Exhibit A** hereto.

8. The Loan is purportedly secured by a *Deed of Trust, Assignment of Rents and Security Agreement*, dated June 14, 2006, and recorded with the El Paso County Clerk and Recorder on July 5, 2006 at reception number 206098241 (the "**Deed of Trust**").  A copy of the Deed of Trust is **Exhibit B** hereto.

9. The Loan is also purportedly secured by an *Assignment of Leases and Rents*, dated June 14, 2006, and recorded with the El Paso County Clerk and Recorder on July 5, 2006 at reception number 206098242 (the "**Assignment**").  A copy of the Assignment is **Exhibit C** hereto.

10. On June 27, 2006, Farmers filed with the Colorado Secretary of State a *UCC Financing Statement* (the "**2006 UCC**") related to the Loan, a copy of which is **Exhibit D** hereto.

11. The 2006 UCC is deficient given, among other things, the lack of description of any personal property.

12. On July 26, 2010, apparently attempting to correct its deficient 2006 UCC, Farmers belatedly filed with the Colorado Secretary of State a *Colorado UCC Financing Statement* (the "**2010 UCC**"), a copy of which is **Exhibit E** hereto.

### III.   CLAIMS

**FIRST CLAIM FOR RELIEF**
**Determination of Extent, Validity, and Priority**
**of Alleged Security Interest; 11 U.S.C. § 506**

13. The Debtor incorporates all of the foregoing paragraphs of the Complaint as if fully recited herein.

14. Upon information and belief, Farmers asserts a first priority, perfected, valid and enforceable security interest in all of the Debtor's property, including its personal property.

15. The Debtor disputes that Farmers holds a validly perfected and enforceable security interest in all of the Debtor's property. Rather, because the 2006 UCC is deficient, Farmers does not hold a validly perfected and enforceable security interest in any of the Debtor's personal property, which includes, without limitation, the Debtor's name, reservation system, cash, accounts, furniture, and equipment or any of the proceeds thereof.

16. Pursuant to 11 U.S.C. § 506, the Debtor requests that the Court determine the extent, validity, and priority of Farmers' security interests in the Debtor's property.

### SECOND CLAIM FOR RELIEF
### Preference Avoidance

17. The Debtor incorporates all of the foregoing paragraphs of the Complaint as if fully recited herein.

18. The filing of the 2010 UCC, to the extent it perfected a security interest in the Debtor's property, constitutes a transfer of an interest in property of the Debtor pursuant to 11 U.S.C. § 547(b).

19. The transfer was to or for the benefit of Farmers, a creditor of the Debtor.

20. The transfer was for or on account of an antecedent debt owed by the Debtor before such transfer was made.

21. Pursuant to 11 U.S.C. § 547(f), the transfer was made while the Debtor was insolvent.

22. The transfer was made on or within 90 days before the Petition Date.

23. The transfer would enable Farmers to receive more than it would have received if (i) the case was a case under chapter 7 of Title 11 of the United States Code; (ii) the transfer had

not been made; and (iii) Farmers had received payment of such alleged debt to the extent provided by the provisions of Title 11 of the United States Code.

24. Accordingly, the transfer of an interest in property of the Debtor pursuant to the filing of the 2010 UCC should be avoided pursuant to 11 U.S.C. § 547(b).

WHEREFORE, the Debtor requests that the Court consider this Complaint and thereupon enter judgment in its favor and against Farmers (i) determining the extent, validity, and priority of Farmers' security interests in the Debtor's property; (ii) voiding the security interest created through the filing of the 2010 UCC; (iii) awarding costs and attorneys' fees as provided by law; and (iv) for such other and further relief that the Court deems just and proper.

Dated this 23rd day of September, 2010.

Respectfully submitted,

HOROWITZ & BURNETT, P.C.

*/s/ Kevin S. Neiman*
Bart B. Burnett, # 21258
Robert M. Horowitz, # 17848
Kevin S. Neiman, # 36560
1660 Lincoln Street, Suite 1900
Denver, CO  80264
Telephone:   (303) 996-8600
Fax:              (303) 996-8636
E-mail:         bburnett@hblegal.net
                    rhorowitz@hblegal.net
                    kneiman@hblegal.net

*Attorneys for GOG Campground, LLC*